CARLEY v. TOD et al.

(Supreme Court, Appellate Division, First Department. December 21, 1900.)

1. EXECUTION—SUPPLEMENTAL PROCEEDINGS—APPLICATION—AFFIDAVIT.

Code Civ. Proc. § 2441, provides that, on proof by affidavit to the satisfaction of the court that any person has personal property of a judgment debtor exceeding $10 in value, the judgment creditor shall be entitled to an order requiring the person having the property to attend

and be examined concerning the same. *Held* that, in order to give the court jurisdiction to make an order under section 2441, it is not necessary that positive proof shall be presented that the person sought to be examined actually has property of the judgment debtor, but it is only necessary that the proof shall satisfy the judge.

2. SAME.

Though an affidavit for an order for the examination of a third person in supplementary proceedings, under Code Civ. Proc. § 2441, was largely on information and belief, the source of information and grounds of belief being fully set forth, it was sufficient.

Appeal from special term, New York county.

Action by Francis D. Carley against J. Kennedy Tod and others. From an order directing the examination of James R. Williston and others in proceedings supplementary to execution, they appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Richard F. Goldsboro (John J. Lordan, on the brief), for appellants.

Charles D. Cleveland, for respondent.

PER CURIAM. We are of the opinion that the order appealed from should be affirmed. Section 2441 of the Code of Civil Procedure does not require, in order to give the court jurisdiction to grant an order for the examination of a third party, that proof positive shall be presented that the third party sought to be examined actually has possession of property belonging to the judgment debtor. If that fact were actually known to the judgment creditor, then there would be no necessity for the examination. All that is required, under this section, is that proof shall be presented, either by affidavit or other competent written evidence, "to the satisfaction of the judge, * * * that any person or corporation has personal property of the judgment debtor exceeding ten dollars in value." The proof here presented was satisfactory to the judge who granted the order, and we do not see how it could have been otherwise.

We do not think the affidavits of Patten and Martin are subject to the criticism made by appellants' counsel. It is true that the affidavit of Patten is largely on information and belief, but the sources of his information and the grounds of his belief are fully set forth, and the affidavit of Martin is not only sufficient to justify Patten in his belief that the third party has property belonging to the judgment debtor, but is sufficient proof, within section 2441, to justify the granting of an order for the examination of such third party.

The order should therefore be affirmed, with $10 costs and disbursements.